## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**JURY TRIAL DEMANDED**

DEBORAH DONOGHUE,

      Plaintiff,

          v.

BOHEMIAN INVESTMENTS LLC,

      Defendant,

and

OMNI BIO PHARMACEUTICALS, INC., a Colorado corporation,

      Nominal Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER COLORADO

JUN 1 5 2015

JEFFREY P. COLWELL
CLERK

---

COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS UNDER 15 U.S.C. § 78p(b)

---

Plaintiff Deborah Donoghue ("Plaintiff"), by her attorney, as and for her complaint herein, respectfully alleges as the following on personal knowledge as to herself and her own acts, and on information and belief as to all other matters:

## NATURE OF ACTION

1.      This is an action to recover so-called "short swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.      Section 16(b) is a strict liability statute.  A plaintiff must prove only that the

defendant was an insider of a public company (*insider* defined as an officer, director or

beneficial owner of more than 10% of a class of equity security of that company) who profited

from the purchase and sale of the company's stock or derivative securities within a period of less

than six months.  Evidence of the defendant's intent, misuse of information, or bad faith is

irrelevant and not required.  Section 16(b) is not punitive and insiders are simply required to

disgorge profits realized and retained in violation of the Act.  Whether a defendant has realized

a profit, and the calculation of such profit, from particular transactions under Section 16(b) is

determined in accordance with rules and regulations promulgated thereunder by the U.S.

Securities Exchange Commission (the "SEC") and judicial interpretations.

3.      In this action, Plaintiff alleges that Defendant Bohemian Investments LLC,

(Bohemian) was an insider of Nominal Defendant Omni Bio Pharmaceuticals, Inc. ("Bio

Pharma") to wit: a beneficial owner of more than 10% of Bio Pharma's common stock and that

Bohemian engaged in transactions in Bio Pharma common stock and derivative securities

related to that common stock.  The transactions in derivative securities are alleged to be

equivalent, under the rules and regulations of the SEC, to the buying and selling of Bio Pharma

common stock at a significant profit.  Defendant must surrender its profit, as it is calculated

under SEC rules and regulations applicable to the transactions in question, to Bio Pharma.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15

U.S.C. § 78aa.

5.      Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. §

78aa.

The principal offices of both Bio Pharma and Bohemiam are located in this District.  Bio

Pharma and Bohemian transact business and are found in this District.   One or more of the

transactions at issue was made within this district.

## THE PARTIES

6.      Plaintiff Deborah Donoghue is a New York resident and a shareholder of Bio

Pharma.

7.      Nominal Defendant Bio Pharma is a Colorado corporation with principal offices

at 181 W. Boardwalk, Suite 202, Fort Collins, Colorado 80525.  This action is brought in the

right and for the benefit of Bio Pharma, which is named as a nominal defendant solely in order

to have all necessary parties before the Court.

8.      Defendant Bohemian is a limited liability company with principal offices at 262

East Mountain Avenue, Fort Collins, Colorado 80524.  Bohemian is, and at all relevant times

has been, the beneficial owner of more than 10% of Bio Pharma common stock and thus an

insider of Bio Pharma subject to Section 16(b).

9.

## STATUTORY REQUISITES

10.      The violations of Section 16(b) described herein involve non-exempt securities in

non-exempt transactions engaged in by a non-exempt entity within the meaning of the Act.

11.      At all relevant times, the common stock of Bio Pharma was registered as a class

pursuant to Section 12(g) of the Act, 15 U.S.C. Sec. 78(g), and was listed for trading on the

OTCBB and OTCQB National Exchanges maintained by the Financial Regulatory Authority under the symbol OMBP.

12.     Demand for prosecution was made on Bio Pharma on April 10, 2015.  More than 60 days have passed since such demand was made during which time Bio Pharma has failed or refused to act to recover profits due to it.  Further delay would be a futile gesture, the statutory 60-day waiting period having expired.

13.     This action is brought within two years of the occurrence of the transactions giving rise to Section 16(b) liability, as described herein.

14.

## FACTUAL ALLEGATIONS

15.     On January 1, 2015, Bohemian caused a convertible note it held from Bio Pharma in the amount of $2,500,000, convertible into 10,000,000 shares of the common stock of Bio Pharma at Bohemian's election, to be amended and restated to extend the contractual conversion date to December 17, 2019, and the conversion right to be at a purchase price per share equal to the lesser of $0.20 or the lowest price paid for the new securities in a new capital raise in a minimum $6,000,000 capital value.  These were material amendment to the terms of the convertible note and deemed to be a sale of the antecedent note.

16.     For purposes of Section 16 of the Act and the SEC rules and regulations thereunder, the disposition by Bohemian of the outstanding warrants to purchase 10,000,000 shares of Bio Pharma common stock as described in Paragraphs 13 is deemed to be equivalent to the sale by Bohemian of 10,000,000 shares of Bio Pharma common stock at a price equal to the fair market value of such shares on the date of amendment of the convertible note.

17.     For purposes of Section 16(b) of the Act and the SEC rules and regulations thereunder, the acquisition on amendment by Bohemian of the new warrants to purchase 10,000,000 shares of Bio Pharma common stock as described in Paragraph 13 is deemed to be equivalent to the purchase by Bohemian of 10,000,000 shares of Bio Pharma common stock at the fair market value of such shares on the date of amendment of the convertible note.

18.     On December 12, 2014, Bohemian purchased a convertible note in the face amount of $2,500,000 convertible into 2,500,000 shares of the common stock of Bio Pharma. For purposes of Section 16(b) of the Act and the SEC rules and regulations thereunder, the acquisition of such convertible note by Bohemian was the equivalent of the purchase of the 2,500,000 shares of common stock at the fair market value of such shares on the date of purchase.

19.     On March 12, 2015, Bohemian purchased a convertible note in the face amount of $1,500,000 convertible into 11,500,000 shares of the common stock of Bio Pharma.  For purposes of Section 16(b) of the Act and the SEC rules and regulations thereunder the acquisition of such convertible note by Bohemian was the equivalent of the purchase of the 11,500,000 shares of common stock at the fair market value of such shares on the date purchase.

20.     For purposes of "matching" both the sale described in Paragraphs 13 and 14, and the purchases described in Paragraphs 15, 16 and 17 against each other, the prices at which underlying shares of common stock traded on each day is the measure of sale or purchase price.

21.     Upon information and belief, supported by stock price reports from reliable sources, the sale price was higher than the purchase prices of purchases within periods of less than six months giving rise to recoverable profits, the amounts of which will require discovery to determine.

## FIRST CLAIM FOR RELIEF

22.     Plaintiff re-alleges the allegations of paragraphs 1 through 19.

23.     Defendant Bohemian had a pecuniary interest in all of the shares of common stock and convertible notes purchased or sold or deemed purchased or sold as described in Paragraphs 13 through 17 and elsewhere.

24.     Some or all of the sales (deemed or actual) by Defendant Bohemian of shares of Bio Pharma common stock as described above, occurred within six months of, and at prices higher than, the purchases (deemed or actual) by Defendant Bohemian of shares of Bio Pharma (deemed or actual) of common stock as described herein.

25.     As a result of the transactions aforesaid and pursuant to the "lowest in, highest out" method and SEC rules for computing profits realized under Section 16(b), Defendant Bohemian realized short swing profits in such amount as may be proved.

26.     Pursuant to Section 16(b) of the Act, the short swing profits realized by Defendant Bohemian inured to and are the lawful property of Bio Pharma, recoverable by Plaintiff in its stead, the management of Bio Pharma having itself failed or refused to seek such recovery.

## SECOND CLAIM FOR RELIEF

27.     This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or discovery of additional trades during the course of this action.

28.     Defendant Bohemian purchased and sold shares of common stock (or derivative securities thereof) of Bio Pharma, including those identified at Paragraphs 13 through 17 of this

complaint, within periods of less than six months during the years preceding the filing of this action, the sales at higher prices than the purchases.

29.    These sales and purchases cannot be identified by Plaintiff with specificity because they have not been publicly reported, and Defendants failed or refused to disclose these trades (or the lack thereof) upon inquiry from Plaintiff's counsel.

30.    These sales and purchases within periods of less than six months resulted in profits under Section 16(b), their exact amount being unknown to Plaintiff, which profits inured to and are the lawful property of Bio Pharma, recoverable by Plaintiff in its stead, the management of Bio Pharma itself having failed or refused to seek recovery of the same.

## DEMAND FOR JURY TRIAL

31.    Plaintiff respectfully demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a)    Requiring Defendant Bohemian to account for and pay over to Bio Pharma the short swing profits recoverable from it under Section 16(b) of the Act, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b)    Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's and expert witness fees; and

(c)    Granting to Plaintiff such other further relief as the Court may deem just and proper.

Dated: Southampton, New York
      June 12, 2015

s/ David Lopez

**David Lopez, Esq.**
171 Edge of Woods Road
P.O. Box 323
Southampton, NY 11969
Telephone:    (631) 287-5520
Fax:          (631) 283-4735
Email:        DavidLopezEsq@aol.com

*Attorney for Plaintiff Deborah Donoghue*

Address of Plaintiff:

50 Cantitoe Road
Yonkers, New York 10710