**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15 Civil 1279 (PAB) (KLM)

DEBORAH DONOGHUE,

    Plaintiff,

    - against -                **JURY TRIAL DEMANDED**

BOHEMIAN INVESTMENTS LLC,
A Colorado Limited Liability Company,
BOCO INVESTMENTS, LLC,
A Colorado Limited Liability Company,
PAT STRYKER LIVING TRUST
Dated October 14, 1976, and
PAT STRYKER,

    Defendant,

and

OMNI BIO PHARMACEUTICALS, INC.
a Colorado Corporation,

    Nominal Defendant.

---

FIRST AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS
UNDER 15 U.S.C. SECTION 78p(b)

---

Plaintiff, Deborah Donoghue ("Plaintiff"), by her attorneys, David Lopez, Esq. and Miriam Tauber, Esq., as and for her First Amended Complaint herein, respectfully alleges the following on personal knowledge as to herself and her own acts, and on information and belief as to all other matters. This FIRST AMENDED COMPLAINT is filed as of right prior to the entry of an Appearance or Answer by or on behalf of any Defendant and by or on behalf of the Nominal Defendant.

## NATURE OF THE ACTION

1.     This is an action to recover so-called "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b).

2.     Section 16(b) is a strict liability statute.  A plaintiff must prove only that the defendant was an insider of a public company (*insider* defined as an officer, director or beneficial owner of more than 10% of a class of equity security of that company) who profited from the purchase and sale or the sale and purchase, actual or deemed, of the company's stock or derivative securities within a period of less than six months.  Evidence of the defendant's intent, misuse of information or bad faith is irrelevant and not required.  Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained in violation of the Act.  Whether a defendant is deemed to have realized a profit, and the calculation of such profit, from particular transactions under Section 16(b) is determined in accordance with rules and regulations promulgated thereunder by the U.S. Securities and Exchange Commission (the "SEC") and judicial interpretations.

3.     In this action Plaintiff alleges that Defendants Bohemian Investments LLC ("Bohemian"),  BOCO Investments, LLC (BOCO), Pat Stryker Living Trust Dated October 14, 1976 ("Stryker Trust") and Pat Stryker ("Stryker") (collectively "The Defendants") were insiders of Nominal Defendant Omni Bio Pharmaceuticals ("Bio Pharma"), to wit:  beneficial owners of more that 10% of Bio Pharma's common stock and that the Defendants engaged in transactions in Bio Pharma common stock and derivative securities related to that common stock consisting of purchases and sales or deemed purchases and deemed sales within periods of less than six months.  The transactions in derivative securities are alleged to be equivalent, under the rules and regulations of the SEC, to the buying and selling of Bio Pharma common stock and to have

resulted in significant profit.  The Defendants must surrender their respective profits, as they are calculated under SEC rules and regulations, to Bio Pharma.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

5. Venue is proper in this Court under Section 27 of the Act, 15 U.S.C. § 78aa.  The principal offices of both Bio Pharma and The Defendants are located in this District.  Bio Pharma and The Defendants transact business and are found in this District.  One or more of the transactions at issue was made by each Defendant within this District.

## THE PARTIES

6. Plaintiff is a shareholder of Bio Pharma.  She resides at 50 Cantitoe Road, Yonkers, New York 10710.

7. Nominal Defendant Bio Pharma is a Colorado Corporation with principal offices at 181 W. Boardwalk, Suite 202, Fort Collins, Colorado 80525.  This action is brought in the right and for the benefit of Bio Pharma which is named as a nominal defendant solely in order to have all necessary parties before the Court.

8. The Defendants are, respectively, Colorado limited liability companies (Bohemian and BOCO), a Colorado trust (the Stryker Trust) and a natural person (Stryker), all with principal offices, resident or found at 262 East Mountain Avenue, Fort Collins, Colorado 80524.

9. The controlling member of BOCO and of Bohemian is the Pat Stryker Living Trust dated October 14, 1976, as amended (the "Stryker Trust").

10. Pat Stryker is the trustee and beneficiary of the Stryker Trust.

**STATUTORY REQUISITESS**

11. The violations of Section 16(b) to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt entities within the meaning of the Act.

12. At all relevant times the common stock of Bio Pharma was registered as a class of equity security pursuant to Section 12(g) of the Act, 15 U.S.C. §78(g) and was listed for trading on the OTCBB and OTCQB National Exchanges maintained by the Financial Regulatory Authority under the symbol OMBP.

13. Demand for prosecution was made on Bio Pharma on April 10, 2015. More than 60 days have passed since such demand during which time Bio Pharma has failed or refused to act to recover profits due to it, and its counsel has, by letter dated July 8, 2015, threatened Rule 11 Sanctions if this suit were pressed. Further delay in proceeding would be a futile gesture, the statutory 60 day waiting period having expired.

14. This action is brought within two years of the occurrence of the transactions giving rise to Section 16(b) liability, as described herein, or within two years of the disclosure of such occurrences.

**FACTUAL ALLEGATIONS**

15. On April 15, 2014, Bohemian entered into a Loan and Purchase Agreement with Bio Pharma under which Bio Pharma issued to Bohemian and/or BOCO warrants to purchase one million shares of common stock (Bohemian) and three million shares (BOCO), the warrants expiring April 15, 2015. Under SEC rules these were deemed purchases of the underlying shares on the date of contracting, those shares deemed to have cost the price of those shares on the open market on the date of the Loan and Purchase Agreement.

16. The Loan and Purchase Agreement also provided for three sets of warrants previously held by BOCO covering a total of 4,950,000 shares to be amended to extend the exercise date from March 31, 2017 to December 31, 2019, and to reduce the exercise price to $.25 per share from prices ranging between $0.50 to $1.50 per share. These were material amendments and are deemed by SEC rules to be sales of the shares underlying the cancelled warrants and purchases of the shares underlying the substituted warrants, all valued at the contemporaneous open market prices of the shares underlying them.

17. Omni made the following draw-downs against the Loan and Purchase Agreement with concomitant activation of Bohemian's/BOCO's conversion rights:

a) $500,000 on April 25, 2014 (2,500,000 shares at $0.20 exercise price);

b) $500,000 on June 16, 2014 (2,500,000 shares at $0.20 exercise price);

c) $500,000 on September 25, 2014 (2,500,000 shares at $0.20 exercise price); and

d) $500,000 on December 12, 2014 (2,500,000 shares at $0.20 exercise price).

18. In a Schedule 13D filed by BOCO on or about April 10, 2015, BOCO confirms the activation of conversion rights as described in Paragraph 17, *supra*, as the issuance of warrants on the respective dates of each drawdown.

19. On January 23, 2015, Bohemian caused a convertible note it held from Bio Pharma due to the draw-downs described in Paragraph 17, *supra*, in the amount of $2,500,000, convertible into 10,000,000 shares of the common stock of Bio Pharma at Bohemian's election, to be amended and restated to extend the contractual conversion date from April 15, 2015 to December 31, 2017, and the conversion right to be at a purchase price per share equal to the lesser of $0.20 or the lowest price paid for the new securities sold in a new capital raise in a minimum of $6,000,000 in capital value. These were material amendments, as recognized by

Bio Pharma in its 10-Q filings following such amendments, to the terms of the convertible note and are deemed to be a sale of the antecedent note and a purchase of the successor note.

20. For purposes of Section 16 of the Act and the SEC rules and regualtions thereunder, the disposition by Bohemian of the outstanding warrants or conversion rights to purchase 10,000,000 shares of Bio Pharma common stock as described in paragraph 19, *supra,* is deemed to be equivalent to the sale by Bohemian of 10,000,000 shares of Bio Pharma common stock at a price equal to the fair market value of such shares on the date of amendment of the convertible note.

21. For purposes of Section 16 of the Act and the SEC rule and regulations thereunder, the acquisition on amendment by Bohemian of the successor warrants or conversion right to purchase 10,000,000 shares of Bio Pharma common stock as described in Paragraph 19, *supra*, is deemed to be equivalent to the purchase by Bohemian of 10,000,000 shares of Bio Pharma common stock at the fair market value of such shares on the date of amendment of the convertible note.

22. Between March 11 and 13, 2015, the Loan and Purchase Agreement was amended to increase the credit line cap by $300,000 and in connection therewith additional conversion rights or warrants were issued to Bohemian/BOCO covering 1,500,000 shares of Bio Pharma common stock at an exercise price of $0.20.

23. On June 23, 2015, Bio Pharma transferred patents to Bohemian in payment for and cancellation of its outstanding indebtedness under the line of credit established by the Loan and Purchase Agreement, as amended. The cancellation of the Loan and Purchase Agreement, for value, is deemed a sale of the 11,500,000 shares covered by the warrants or conversion rights received by Bohemian/BOCO thereunder.

23. For purposes of "matching" the deemed sales and the deemed purchases heretofore described herein against one another, the prices at which underlying shares of common stock traded on each day in the open market is the measure of sale or purchase price.

24. Upon information and belief, supported by stock price compilations from reliable sources, many of the deemed sale prices were higher that the deemed purchase prices of purchases within periods of less than six months giving rise to recoverable profits, the amounts of which will require discovery to determine.

## FIRST CLAIM FOR RELIEF

25. Plaintiff repeats the allegations of paragraphs 1 through 24.

26. The Defendants and each of them had a pecuniary interest in all or some of the shares of common stock and convertible notes and warrants purchased and sold or sold and purchased or deemed purchased and sold or deemed sold and purchased as described herein.

27. Some or all of the sales (deemed or actual) by the Defendants of shares of Bio Pharma common stock as described above, occurred within six months of, and at prices higher than, the purchases (deemed or actual) by the Defendants of shares of Bio Pharma (deemed or actual) of shares of common stock as described herein.

28 As a result of the transactions aforesaid and pursuant to the "lowest-in, highest-out" method and SEC rules and regulations for computing profits realized under Section 16(b), Defendants realized short-swing profits in such amount and with such allocation among the Defendants as may be proved.

29. Pursuant to Section 16(b) of the Act, the short-swing profits realized by the Defendants inured to and are the lawful property of Bio Pharma, recoverable by plaintiff in its stead, the management of Bio Pharma having itself failed or refused to seek such recovery.

## SECOND CLAIM FOR RELIEF

30. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or discovery of addtional trades during the course of this action.

31. The Defendants and each of them purchased and sold shares of common stock (or derivative securities thereof) of Bio Pharma, including those identified at paragraphs 1 through 24 hereof, within periods of less than six months during the two years preceding the filing of this action, the sales at higher prices than the purchases.

32. These sales and purchases cannot be identified by Plaintiff with specificity, beyond what is enumerated herein, because they have not been publicly reported and Defendants failed or refused to disclose them (or the lack thereof) upon inquiry from Plaintiff's counsel.

33. These sales and purchases within periods of less than six months resulted in profits recoverable under Section 16(b), their exact amounts being unknown to Plaintiff, which profits inured to and are the lawful property of Bio Pharma and are recoverable by Plaintiff in its stead, the management of Bio Pharma itself having failed or refused to seek recovery of the same.

## DEMAND FOR JURY TRIAL

34. Plaintiff respectfully demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

35. **WHEREFORE**. Plaintiff demands judgment:

(a) Requiring the Defendants and each of them to account for and to pay over to Bio Pharma the short-swing profits recoverable from it under Section 16(b) of the Act together with appropriate pre and post judgment interest and the costs of this suit;

(b) Awarding to Plaintiff her costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

(c) Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Southampton, New York
August 19, 2015

   /s/ *David Lopez*_____
David Lopez, Esq.
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
Tel:    631.287.5520
Fax:    631.283.4735
E-mail:DavidLopezEsq@aol.com

Miriam Tauber, Esq.
885 Park Avenue No. 2A
New York, New York 10075
Tel:    323.790.4881
E-mail: MiriamTauberLaw@gmail.com

*Plaintiff's Attorneys*

Address of Plaintiff:
50 Cantitoe Road
Yonkers, New York 10710

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 19, 2015, a copy of Plaintiff's First Amended Complaint was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will also be sent via e-mail to Scott. W. Wilkinson, Esq., Davis & Ceriani PC, SWilkinson@davisandceriani.com, counsel for Bohemian Investments, LLC, who has been in contact with Plaintiff's counsel regarding this matter, and has indicated that he intends to appear on behalf of Bohemian and to accept service of a First Amended Complaint. A copy of Plaintiff's First Amended Complaint will also be to the additional defendants named herein, BOCO Investments, LLC, Pat Stryker Living Trust, and Pat Stryker, along with a Notice and Requests for Waiver of Service at 262 East Mountain Avenue, Fort Collins, Colorado 80524.

                                                         */s/ Miriam Tauber*
                                                         Miriam Tauber